**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JAMES L. BLAYLOCK,

    Petitioner,                                           Civil Action No.
                                                     2:18-CV-12656

                                                     HONORABLE MARK A. GOLDSMITH
v.                                                  UNITED STATES DISTRICT JUDGE

RANDEE REWERTS,

    Respondent,

_____/

**OPINION & ORDER
(1) DENYING PETITION FOR WRIT OF HABEAS CORPUS, (2) DECLINING TO
ISSUE A CERTIFICATE OF APPEALABILITY, AND (3) GRANTING LEAVE TO
APPEAL IN FORMA PAUPERIS**

      James L. Blaylock, ("Petitioner"), confined at the St. Louis Correctional Facility in St. Louis, Michigan, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his pro se application, Petitioner challenges his convictions for first-degree premeditated murder, Mich. Comp. Laws § 750.316(1)(a); and possession of a firearm in the commission of a felony, Mich. Comp. Laws § 750.227b. For the reasons stated below, the petition for writ of habeas corpus is denied.

**I. BACKGROUND**

      Petitioner was convicted following a jury trial in the Wayne County Circuit Court. This Court recites verbatim the relevant facts relied upon by the Michigan Court of Appeals, which are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1). See Wagner v. Smith, 581 F.3d 410, 413 (6th Cir. 2009):

      Defendant fatally shot the victim, Kevin Wheeler, in front of several witnesses.

*****************************************************************

> According to eyewitness Shayla Pickens, Luther Woortham, and Greay Perry, defendant walked over to the victim's house, knocked on the door, and shot the victim. Defendant's decision to kill the victim was not spur-of-the-moment. Defendant had previously told Timothy Landrum that he wanted to use the victim's house to sell drugs and wanted to get the victim "out of there." On appeal, defendant concedes that he told Landrum he wanted to rob and shoot the victim. After defendant shot and killed the victim, he called Landrum. Landrum asked defendant what he did, and defendant replied that he could not take it anymore and that he did what he had to do.

People v. Blaylock, No. 319302, 2015 WL 1227581, at * 1 (Mich. Ct. App. Mar. 17, 2015).

Petitioner's conviction was affirmed on appeal. Id., lv. den 869 N.W. 2d 858 (Mich. 2015).

Petitioner filed a post-conviction motion for relief from judgment, which the trial court denied. People v. Blaylock, No. 13-00116-FC (Third Jud. Cir. Ct., May 17, 2016). The Michigan appellate courts denied Petitioner leave to appeal. People v. Blaylock, No. 335747 (Mich. Ct. App. Feb. 23, 2017); lv. den. 907 N.W. 2d 551 (Mich. 2018).

Petitioner seeks a writ of habeas corpus on the following grounds:

I. Insufficient evidence where the prosecution failed to establish cause of death;

II. Ineffective assistance of counsel where: (1) trial counsel failed to (a) investigate cell phone records, (b) move to suppress two in-court eyewitness identifications of Blaylock, and (c) utilize an investigator to interview Pickens (an eyewitness); and (2) appellate counsel failed to raise cause of death issue on appeal;

III. Abuse of discretion where the trial court denied Blaylock's motion for directed verdict;

IV. Prosecutorial misconduct where the prosecutor: (1) solicited false testimony; (2) allowed false testimony to go uncorrected; and (3) argued facts not in evidence in her closing argument;

V. Juror misconduct where Blaylock's brother observed the victim's sister speaking with a juror.

## II. STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. Williams v. Taylor, 529 U.S. 362, 405-406 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." Id. at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Id. at 410-411.

"[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v. Richter, 562 U.S. 86, 101 (2011) (citing Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)). The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." Id. at 102 (citing Lockyer v. Andrade, 538 U.S. 63, 75 (2003)). Furthermore, pursuant to § 2254(d), "a habeas court must determine what

3

arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. Id. To obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his or her claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Id. at 103.

### III. DISCUSSION

**A. Claims # 4 and # 5: the procedurally defaulted claims.**

Respondent contends that Petitioner's fourth and fifth claims and a portion of his second claim alleging ineffective assistance of counsel are procedurally defaulted for various reasons.

When the state courts clearly and expressly rely on a valid state procedural bar, federal habeas review is also barred unless the petitioner can demonstrate "cause" for the default and actual prejudice as a result of the alleged constitutional violation, or can demonstrate that failure to consider the claim will result in a "fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750-751 (1991). If a habeas petitioner fails to show cause for his or her procedural default, it is unnecessary for the court to reach the prejudice issue. Smith v. Murray, 477 U.S. 527, 533 (1986). However, in an extraordinary case, where a constitutional error has probably resulted in the conviction of one who is actually innocent, a federal court may consider the constitutional claims presented even in the absence of a showing of cause for procedural default. Murray v. Carrier, 477 U.S. 478, 479-480 (1986). However, to be credible, such a claim of innocence requires a petitioner to support the allegations of constitutional error with new reliable evidence that was not presented at trial. Schlup v. Delo, 513 U.S. 298, 324 (1995). "'[A]ctual innocence'

4

means factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 624 (1998).

Procedural default is not a jurisdictional bar to review of a habeas petition on the merits. See Trest v. Cain, 522 U.S. 87, 89 (1997). In addition, "federal courts are not required to address a procedural-default issue before deciding against the petitioner on the merits." Hudson v. Jones, 351 F.3d 212, 215 (6th Cir. 2003) (citing Lambrix v. Singletary, 520 U.S. 518, 525 (1997)). "Judicial economy might counsel giving the [other] question priority, for example, if it were easily resolvable against the habeas petitioner, whereas the procedural-bar issue involved complicated issues of state law." Lambrix, 520 U.S. at 525. "However, where a straightforward analysis of settled state procedural default law is possible, federal courts cannot justify bypassing the procedural default issue." Sheffield v. Burt, 731 F. App'x 438, 441 (6th Cir. 2018), cert. denied, 139 S. Ct. 155 (2018)

Respondent contends that the portion of Petitioner's fourth claim alleging that the prosecutor solicited perjured testimony and allowed it to go uncorrected and his fifth claim alleging juror misconduct are procedurally defaulted, because Petitioner failed to preserve the issues by objecting at trial and as a result, the Michigan Court of Appeals reviewed the claims for plain error only. People v. Blaylock, 2015 WL 1227581, at * 4, 6.

In this case, the Michigan Court of Appeals clearly indicated that by failing to object at trial, Petitioner had not preserved his prosecutorial misconduct or juror misconduct claims. The Michigan Court of Appeals' review of Petitioner's claims for plain error should be viewed as enforcement of the procedural default. Hinkle v. Randle, 271 F.3d 239, 244 (6th Cir. 2001).

Petitioner has offered no reasons for his failure to preserve these two claims at the trial level. Although ineffective assistance of counsel may constitute cause to excuse a procedural

5

default, that claim itself must be exhausted in the state courts. See Edwards v. Carpenter, 529 U.S. 446, 451 (2000). Petitioner raised several ineffective assistance of trial counsel claims on his appeal of right and in his post-conviction motion, but did not raise a claim that trial counsel was ineffective for failing to object to the alleged prosecutorial or juror misconduct. Because Petitioner never raised in the Michigan courts a specific claim about trial counsel's failure to object to the alleged prosecutorial or juror misconduct, any alleged ineffectiveness of counsel cannot constitute cause to excuse Petitioner's default with respect to his claims. See Wolfe v. Bock, 412 F. Supp. 2d 657, 684 (E.D. Mich. 2006).

Respondent further contends that a portion of Petitioner's second claim alleging that trial counsel was ineffective for failing to obtain a private investigator and the portion of Petitioner's fourth claim alleging that the prosecutor committed misconduct in her closing argument are procedurally defaulted, because Petitioner never raised these claims on direct or post-conviction review and no longer has a remedy with which to exhaust these subclaims.

As an initial matter, it appears that Petitioner did raise a claim alleging that trial counsel was ineffective for failing to request a private investigator in the Supplemental pro per Standard 4 appeal brief that was filed on Petitioner's behalf in addition to the appellate brief filed by appellate counsel.[1] Contrary to Respondent's assertion, it appears that Petitioner did raise this claim on his appeal of right, thus, this Court will address this claim when addressing Petitioner's other ineffective assistance of counsel claims, infra.

---

[1] See Br., Ex. 22 to Rule 5 Filing, at PageID.978 (Dkt. 9-22). Standard 4 of Administrative Order 2004-6, 471 Mich. cii (2004), "explicitly provides that a pro se brief may be filed within 84 days of the filing of the brief by the appellant's counsel, and may be filed with accompanying motions." Ware v. Harry, 636 F. Supp. 2d 574, 594, n.6 (E.D. Mich. 2008).

6

Respondent is correct, however, that Petitioner never raised a claim that the prosecutor committed misconduct in her closing argument on either direct appeal or post-conviction review. Petitioner raised a claim on his direct appeal about the prosecutor suborning perjury, but he did not raise a claim that the prosecutor committed misconduct in her closing argument.

A claim may be considered "fairly presented" only if the petitioner asserted both the factual and legal basis for the claim to the state courts. McMeans v. Brigano, 228 F.3d 674, 681 (6th Cir. 2000). The doctrine of exhaustion requires that the same claim under the same theory be presented to the state courts before it can be raised in a federal habeas petition. Wong v. Money, 142 F.3d 313, 322 (6th Cir. 1998). "Even the same claim, if raised on different grounds, is not exhausted for the purpose of federal habeas review." Rayner v. Mills, 685 F.3d 631, 643 (6th Cir. 2012). Because Petitioner did not present the identical factual basis of his claim that the prosecutor committed misconduct in her closing argument as part of his prosecutorial misconduct claim on his direct appeal, he did not fairly present his claim that the prosecutor committed misconduct in her closing argument on his appeal of right. See Wagner v. Smith, 581 F.3d 410, 415-417 (6th Cir. 2009).

In his post-conviction motion for relief from judgment and the appeal from the motion from the denial of his post-conviction motion, Petitioner made a brief reference to the prosecutor's comments in closing argument as part of the insufficiency of evidence claim that he currently raises in his first and third claims.[2] This would be insufficient to exhaust the prosecutorial misconduct claim. A habeas petitioner's "sporadic and undeveloped allusions" to a claim do not satisfy the exhaustion requirement. See Vasquez v. Jones, 496 F.3d 564, 568 (6th Cir. 2007).

---

[2] See 1/31/2016 Mot., Ex. 19 to Rule 5 Filing, at PageID.853 (Dkt. 9-19); Br., Ex. 24 to Rule 5 Filing, at PageID.1116 (Dkt. 9-24); Br., Ex. 25 to Rule 5 Filing, at PageID.1174 (Dkt 9-25).

Petitioner did not even reference the prosecutor's remarks in her closing argument as part of a prosecutorial misconduct claim but only raised it in the context of his sufficiency of evidence claim, which is an entirely different theory than a prosecutorial misconduct claim. Petitioner's claim that the prosecutor committed misconduct in her closing argument is unexhausted.

Petitioner no longer has any available state court remedies with which to exhaust this prosecutorial misconduct claim. Under Michigan Court Rule 6.502(G)(1), a criminal defendant in Michigan is only permitted to file one post-conviction motion for relief from judgment. See Gadomski v. Renico, 258 F. App'x 781, 783 (6th Cir. 2007); Hudson v. Martin, 68 F. Supp. 2d 798, 800 (E.D. Mich. 1999). Because Petitioner filed a post-conviction motion for relief from judgment, he has no remaining state court remedies with which to exhaust his claim.

If a prisoner fails to present his or her claims to the state courts and he or she is now barred from pursuing relief there, the petition should not be dismissed for lack of exhaustion because there are simply no remedies available for the Petitioner to exhaust. However, the Petitioner will not be allowed to present claims never before presented in the state courts unless he or she can show cause to excuse his or her failure to present the claims in the state courts and actual prejudice to his defense at trial or on appeal. Hannah v. Conley, 49 F.3d 1193, 1195-1196 (6th Cir. 1995). A claim of actual innocence will excuse this "cause and prejudice" requirement. Id. at 1196, n.3.

Petitioner has failed to establish cause to excuse his default. While ineffective assistance of appellate counsel might excuse Petitioner's failure to raise his second prosecutorial misconduct claim on his direct appeal, it does not excuse Petitioner's own failure to exhaust this claim properly in his post-conviction motion for relief from judgment. See Gadomski, 258 F. App'x at 784.

Because Petitioner has not demonstrated any cause for his procedural defaults, it is unnecessary to reach the prejudice issue regarding his fourth or fifth claims. Smith, 477 U.S. at

8

533. Additionally, Petitioner has not presented any new, reliable evidence to support any assertion of innocence which would allow this Court to consider Petitioner's fourth and fifth claims as grounds for a writ of habeas corpus in spite of the procedural default. Petitioner's sufficiency of evidence claims (Claims 1 and 3) are insufficient to invoke the actual innocence doctrine to the procedural default rule. See Malcum v. Burt, 276 F. Supp. 2d 664, 677 (E.D. Mich. 2003). Because Petitioner has not presented any new, reliable evidence that he is innocent of these crimes, a miscarriage of justice will not occur if the Court declined to review Petitioner's procedurally defaulted claims. Id.

Finally, assuming that Petitioner had established cause for the default of his claims, he would be unable to satisfy the prejudice prong of the exception to the procedural default rule, because his claims would not entitle him to relief. The cause and prejudice exception is conjunctive, requiring proof of both cause and prejudice. See Matthews v. Ishee, 486 F.3d 883, 891 (6th Cir. 2007). For the reasons stated by Respondent in the answer, Petitioner failed to show that his procedurally defaulted claims have any merit. Petitioner is not entitled to habeas relief on his procedurally defaulted claims.

**B. Claims # 1 and # 3: the sufficiency of evidence/directed verdict claims.**

Petitioner in his first claim alleges that there was insufficient evidence to establish the cause of death to sustain his murder conviction. In his related third claim, Petitioner argues that the trial judge erred in failing to direct a verdict of acquittal when the prosecutor failed to introduce evidence as to the cause of death.[3]

---

[3] Petitioner's claim involving the trial court's failure to direct a verdict of acquittal is construed as an attack on the sufficiency of the evidence. See United States v. Cope, 312 F.3d 757, 778 (6th Cir. 2002).

It is beyond question that "the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." In re Winship, 397 U.S. 358, 364 (1970). But the critical inquiry on review of the sufficiency of the evidence to support a criminal conviction is, "whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 318 (1979). This inquiry does not, however, require a court to "ask itself whether it believes that the evidence at the trial established guilt beyond a reasonable doubt." Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Id. at 318-319.

As an initial matter, this Court needs to determine whether the AEDPA's deferential standard of review applies to Petitioner's sufficiency of evidence claims or whether the claims should be reviewed de novo.

Petitioner raised his first and third claims in his post-conviction motion for relief from judgment. In reviewing a habeas claim, this Court must review "the last state court to issue a reasoned opinion on the issue." Hoffner v. Bradshaw, 622 F.3d 487, 505 (6th Cir. 2010) (quoting Payne v. Bell, 418 F.3d 644, 660 (6th Cir. 2005)). Because the Michigan Court of Appeals and the Michigan Supreme Court both denied Petitioner's post-conviction application for leave to appeal in unexplained one-sentence orders, this Court must "look through" these decisions to the Wayne County Circuit Court opinion denying the motion for relief from judgment, the last state court to issue a reasoned opinion, and determine whether that court adjudicated Petitioner's claims on the merits.

The trial judge denied Petitioner's sufficiency of evidence claim on the mistaken belief that Petitioner had already raised this claim on his appeal of right and was thus precluded pursuant to Michigan Court Rule 6.508(D)(2) from raising it again in his post-conviction motion. People v. Blaylock, No. 13-00116-FC, *7 (Third Jud. Cir. Ct., May 17, 2016).[4]

When a state court fails to adjudicate a habeas petitioner's claim on the merits, a federal court is required to review that claim de novo. See McKenzie v. Smith, 326 F.3d 721, 726 (6th Cir. 2003). In this case, "there are simply no results, let alone reasoning, to which this court can defer. Without such results or reasoning, any attempt to determine whether the state court decision 'was contrary to, or involved an unreasonable application of clearly established Federal law,' 28 U.S.C. § 2254(d)(1), would be futile." Id. Accordingly, this Court shall review Petitioner's claim de novo.

Petitioner was convicted of first-degree murder. To convict a defendant of first-degree murder in Michigan, the state must prove that a defendant's intentional killing of another was deliberated and premeditated. See Scott v. Elo, 302 F.3d 598, 602 (6th Cir. 2002) (citing People v. Schollaert, 486 N.W.2d 312, 318 (Mich. Ct. App. 1992)). Petitioner claims that there was no evidence presented as to the cause of death.

To warrant a conviction of homicide, death must be the natural and probable consequence of the unlawful act and not the result of an independent intervening cause in which the accused did not participate and which he could not foresee. People v. Clark, 431 N.W.2d 88, 89 (Mich. Ct. App. 1988). Causation in criminal cases is a question of fact for the jury. Id. The prosecution

---

[4] Petitioner's appellate counsel raised a different sufficiency of evidence claim on Petitioner's appeal of right, arguing that there was insufficient evidence of premeditation and deliberation to support Petitioner's first-degree murder conviction. Petitioner does not raise this sufficiency of evidence claim in his petition.

does not need to prove that the defendant's conduct was "the" proximate cause of death, but only "a" proximate cause of death. People v. Tims, 534 N.W.2d 675, 681 (Mich. 1995). A decedent's intervening act will break an established chain of causation only if it constitutes the sole cause of death. People v. Bailey, 549 N.W.2d 325, 334 (Mich. 1996). Under Michigan law, a prosecutor need not prove with absolute certainty in a murder prosecution that a particular incident caused the victim's death. Instead, "a medical likelihood suffices." People v. Stiller, 617 N.W.2d 697, 704 (Mich. Ct. App. 2000).

Petitioner claims that no evidence was presented as to the cause of death. Petitioner is mistaken. First, several witnesses testified that Petitioner fired several gunshots at the victim. The medical examiner testified concerning the autopsy, including that the victim had suffered several gunshots. 11/6/2013 Tr., Ex. 17 to Rule 5 Filing, at 4-16 (Dkt. 9-17). The medical examiner testified that he authored several reports regarding the autopsy. These exhibits, 1-5, were admitted into evidence without objection by defense counsel. Id. at 8-9. Exhibit 1, the Autopsy Report from May 20, 2012, lists the manner of death as homicide and the cause of death as a gunshot wound to the head. See Autopsy Report, Ex. 2 to Rule 5 Filing (Dkt. 9-2).

Although the medical examiner did not specifically testify in front of the jury that the cause of death was homicide, the autopsy report listing the manner of death as homicide and the cause of death as a gunshot wound to the head was admitted without objection into evidence. There is no legal authority that a coroner's opinion is required to establish the cause of death in a homicide case. See e.g., U.S. v. Mayle, 334 F.3d 552, 558 (6th Cir. 2003). More importantly, "[t]he Constitution does not require . . . that the cause of death in circumstances such as were involved in this case, be proven only by expert testimony." Rife v. Blankenship, 721 F.2d 983, 984 (4th Cir. 1983). The admission of the autopsy report into evidence establishing that the cause of death

was a gunshot wound to the head was sufficient evidence to establish the cause of death, so as to sustain Petitioner's murder conviction. Id. Petitioner is not entitled to relief on his first and third claims.

### C. Claim # 2: the ineffective assistance of counsel claim

Petitioner next contends he was denied the effective assistance of counsel at trial and on appeal.

A defendant must satisfy a two-prong test to establish the denial of the effective assistance of counsel. First, the defendant must show that, considering all of the circumstances, counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. Strickland v. Washington, 466 U.S. 668, 687 (1984). The defendant must overcome a strong presumption that counsel's behavior lies within the wide range of reasonable professional assistance. Id. In other words, the defendant must overcome the presumption that, under the circumstances, the challenged action might be sound trial strategy. Strickland, 466 U.S. at 689. Second, the defendant must show that such performance prejudiced his defense. Id. To demonstrate prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. The Supreme Court's holding in Strickland places the burden on the defendant who raises a claim of ineffective assistance of counsel, and not the state, to show a reasonable probability that the result of the proceeding would have been different, but for counsel's allegedly deficient performance. See Wong v. Belmontes, 558 U.S. 15, 27 (2009). The Strickland standard applies as well to claims of ineffective assistance of appellate counsel. See Whiting v. Burt, 395 F.3d 602, 617 (6th Cir. 2005).

Petitioner first argues that trial counsel was ineffective for failing to seek the suppression of the in-court identifications from witnesses Woortham and Perry, who witnessed the shooting from a nearby demolition site. Petitioner argues that the in-court identifications of these two eyewitnesses was somehow tainted because the witnesses failed to identify Petitioner during a pre-trial lineup, but only identified him at trial for the first time when was seated with defense counsel.

The Michigan Court of Appeals rejected Petitioner's claim, because he failed to show that Woortham and Perry's in-court identifications were the result of a suggestive lineup procedure. The fact that the witnesses failed to identify Petitioner at a pre-trial lineup went to the weight, and not the admissibility, of their in-court identifications. Counsel was thus not ineffective for failing to move to suppress the in-court identification. People v. Blaylock, 2015 WL 1227581, at *3. The Michigan Court of Appeals further noted that by not moving to exclude the in-court identifications of these two eyewitnesses, "defense counsel was able to emphasize to the jury that the witnesses were unable to identify him during the lineup, which undermined their testimony and credibility." Id.

The Michigan Court of Appeals also concluded that Petitioner was not prejudiced by counsel's failure to move to exclude the in-court identifications in light of the additional evidence against Petitioner:

> Here, the third eyewitness—Pickens—knew defendant for almost 20 years, and was able to independently identify him as the perpetrator. Landrum also testified that defendant and the victim were selling drugs out of the house, defendant asked Landrum for help in removing the victim from the house, and after the shooting defendant called Landrum and confessed that he did what he had to do. Defendant has not established that but for counsel's alleged error, the result of the trial would have been different.

People v. Blaylock, 2015 WL 1227581, at * 3.

The eyewitnesses' failure to identify Petitioner during the lineup went to the weight or credibility of the in-court identifications, not their admissibility. Millender v. Adams, 376 F.3d 520, 525 (6th Cir. 2004) (citing United States v. Causey, 834 F.2d 1277, 1286 (6th Cir. 1987); People v. Barclay, 528 N.W.2d 842 (Mich. Ct. App. 1995)). There was no showing that the lineup was impermissibly suggestive; thus, Petitioner's counsel was not ineffective in failing to object to the in-court identification of Petitioner by Wortham and Perry, even though they failed to identify Petitioner during the pre-trial lineup.

Petitioner next contends that trial counsel was ineffective for failing to investigate or obtain cell phone records or GPS information, which he claims would have shown he was not in the area at the time of the shooting. The Michigan Court of Appeals rejected this claim, because Petitioner failed to show that any of this evidence would have led to a different outcome in the case. People v. Blaylock, 2015 WL 1227581, at * 4.

Conclusory allegations of ineffective assistance of counsel, without any evidentiary support, do not provide a basis for habeas relief. See Workman v. Bell, 178 F.3d 759, 771 (6th Cir. 1998). Petitioner is not entitled to relief on his ineffective assistance of counsel claim because he presented no evidence to either the Michigan courts or to this Court that these cellular phone or GPS records would have proven to be exculpatory. See, e.g., Daniel v. Palmer, 719 F. Supp. 2d 817, 829 (E.D. Mich. 2010), rev'd sub nom. on other grds Daniel v. Curtin, 499 F. App'x 400 (6th Cir. 2012).

Petitioner further contends that trial counsel was ineffective for failing to call alibi witnesses.

Petitioner failed to attach any offer of proof or any affidavits sworn by these proposed alibi witnesses. Petitioner offered, neither to the Michigan courts nor to this Court, any evidence beyond

his own assertions as to whether these witnesses would have been able to testify and what the content of their testimony would have been. In the absence of such proof, Petitioner is unable to establish that he was prejudiced by counsel's failure to call alibi witnesses to testify at trial, so as to support the second prong of an ineffective assistance of counsel claim. See Clark v. Waller, 490 F.3d 551, 557 (6th Cir. 2007).

Petitioner next contends that trial counsel was ineffective for failing to employ a private investigator to interview Mr. Pickens. Petitioner, however, has failed to show that counsel would have obtained beneficial information had he used an investigator, thus, he failed to establish that he was prejudiced by counsel's failure to do so. See Welsh v. Lafler, 444 F. App'x 844, 851 (6th Cir. 2011)

Petitioner finally claims that appellate counsel was ineffective for failing to raise a claim challenging the insufficiency of the evidence to establish the cause of death on Petitioner's appeal of right.

The Sixth Amendment guarantees a defendant the right to the effective assistance of counsel on the first appeal by right. Evitts v. Lucey, 469 U.S. 387, 396-397 (1985). However, court-appointed counsel does not have a constitutional duty to raise every nonfrivolous issue requested by a defendant. Jones v. Barnes, 463 U.S. 745, 751 (1983).

In light of the fact that there was sufficient evidence that the cause of death was a gunshot to the wound, so as to support Petitioner's first-degree murder conviction, see Section B, infra, appellate counsel was not ineffective for failing to raise this claim on his appeal of right. See Hand v. Houk, 871 F.3d 390, 415-416 (6th Cir. 2017). Petitioner is not entitled to relief on his second claim.

### IV. CONCLUSION

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(a); Fed. R.App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court rejects a habeas claim on the merits, the substantial showing threshold is met if the Petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. See Slack v. McDaniel, 529 U.S. 473, 484-485 (2000). Likewise, when a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the Petitioner shows that jurists of reason would find it debatable whether the Petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. Id. at 484. "A Petitioner satisfies this standard by demonstrating that ... jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). In applying that standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the Petitioner's claims. Id. at 336-337. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254; see also Strayhorn v. Booker, 718 F. Supp. 2d 846, 875 (E.D. Mich. 2010).

Having considered the matter, the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right with respect to any of his claims. Accordingly, a certificate of appealability is not warranted in this case. See Strayhorn, 718 F. Supp. 2d at 854.

Although this Court will deny a certificate of appealability to Petitioner, the standard for granting an application for leave to proceed in forma pauperis (IFP) is a lower standard than the standard for certificates of appealability. Foster v. Ludwick, 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002) (citing United States v. Youngblood, 116 F.3d 1113, 1115 (5th Cir. 1997)). Whereas a certificate of appealability may only be granted if Petitioner makes a substantial showing of the denial of a constitutional right, a court may grant IFP status if it finds that an appeal is being taken in good faith. Id. at 764-765; 28 U.S.C. § 1915(a)(3); Fed. R.App.24 (a). "Good faith" requires a showing that the issues raised are not frivolous; it does not require a showing of probable success on the merits. Foster, 208 F. Supp. 2d at 765. Although jurists of reason would not debate this Court's resolution of Petitioner's claims, the issues are not frivolous; therefore, an appeal could be taken in good faith and Petitioner may proceed in forma pauperis on appeal. Id.

For these reasons, the petition for writ of habeas corpus is denied, a certificate of appealability is denied, and Petitioner is granted leave to appeal in forma pauperis.

SO ORDERED.

Dated: May 24, 2019　　　　　　　　　　　　　s/Mark A. Goldsmith
　Detroit, Michigan　　　　　　　　　　　　　MARK A. GOLDSMITH
　　　　　　　　　　　　　　　　　　　　　　United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 24, 2019.

　　　　　　　　　　　　　　　　　　　　　　s/Karri Sandusky
　　　　　　　　　　　　　　　　　　　　　　Case Manager